UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CODY JAMES DEBRUYN,

    Petitioner,

    v.

STATE OF MICHIGAN,

    Respondent.
_____/

Case No. 20-cv-11664

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

### OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE, DIRECTING THE HABEAS PETITION TO BE FILED IN A PRIOR CASE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Cody James DeBruyn ("Petitioner") challenges his 2015 Livingston County Circuit Court guilty plea convictions and sentences for armed robbery, first-degree home invasion, four counts of unlawful imprisonment, five counts of assault with a dangerous weapon, larceny from a building, larceny of a firearm, and 13 counts of possession of a firearm during the commission of a felony.

Petitioner, however, has already filed a federal habeas action challenging the same convictions and sentences in federal court. *See DeBruyn v. State of Michigan*, No. 2:17-CV-14131 (E.D. Mich.) (Tarnow, J.). In that case, the Court stayed and administratively closed the case so that Petitioner could return to the state courts to

fully exhaust state court remedies for all his intended habeas claims. Instead of moving to reopen that case to proceed on an amended petition, Petitioner filed the instant habeas petition.

The instant action must be dismissed as duplicative and successive to Petitioner's stayed habeas action. *See, e.g., Flowers v. Trombley*, 2006 WL 724594, *1 (E.D. Mich. 2006); *Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition when second petition is essentially same as first petition). Petitioner's pleadings should be submitted in his previously-filed habeas case. Petitioner may not challenge the same convictions in two different habeas actions. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this case. The Court **DIRECTS** the Clerk's Office to re-file the instant habeas petition in No. 2:17-CV-14131 for further consideration. The Court makes no determination as to the merits of Petitioner's claims. This case is closed.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability

should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of this Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as any appeal from this non-prejudicial dismissal would be frivolous and cannot be take in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED.**

    s/Gershwin A. Drain_____
    GERSHWIN A. DRAIN
    UNITED STATES DISTRICT JUDGE

Dated: July 7, 2020

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 7, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager